MRS. CLYDE R. TYSON, AND ALL OTHER CREDITORS OF R. L. SMITH AND W. H. SMITH WHO DESIRE TO MAKE THEMSELVES PARTIES THERETO, v. R. L. SMITH AND W. H. SMITH.

(Filed 23 March, 1932.)

**Appeal and Error J e—Where appellant fails to show that his rights have been prejudiced the judgment will be affirmed.**

Where upon appeal from an order or judgment relating to the priority of payment of liens and debts against property in a receiver's hands, the appellant fails to show a request for findings of fact upon which the order was entered or to show that he would be injured by the judgment excepted to, the judgment will be affirmed on appeal.

APPEAL by H. L. Hodges, claimant, from *Sinclair, J.,* at Snow Hill, N. C., on 16 December, 1931. From PITT. Affirmed.

This is an appeal by claimant, H. L. Hodges, from certain orders and decrees entered in the cause by his Honor, N. A. Sinclair, touching the disposition of certain funds which had come into the hands of the receivers, E. R. Dudley and W. L. Whedbee, by reason of the operation of the properties of R. L. Smith and W. H. Smith, above defendants, by the said receivers during the year 1931. The orders appealed from

by appellant affect the priority of payment of debts created by the receivership in the operation of the farms. Upon the petition of Mrs. Clyde P. Tyson, in the fall of 1929, a receiver, E. R. Dudley, and later a coreceiver, W. L. Whedbee, were appointed to take charge of the properties of R. L. Smith and W. H. Smith, and to hold same for the benefit of the creditors of R. L. Smith and W. H. Smith. It is conceded by this appellant, H. L. Hodges, that the proceedings were regular, and the receivers duly appointed.

In January, 1931, his Honor, Judge W. A. Devin, made an order allowing and authorizing the receivers, for the purpose of operating the farms for the year 1931, to borrow certain moneys and incur certain obligations. Pursuant to the said order, the receivers executed the deeds of trust and agricultural liens to H. D. Bateman, trustee and F. N. Bridgers, trustee, set forth in the record. During the months of June, July, August and September, 1931, the receivers purchased from H. L. Hodges farm supplies, such as provisions and other articles necessary for the operation of said farms, and promised to pay for same, that H. L. Hodges has not been paid for said supplies

At a hearing before his Honor, N. A. Sinclair, in Snow Hill, on 16 December, 1931, in this cause, upon the question of priorities in the payment of the indebtedness incurred by the receivers in the operation of the receivership properties for the year of 1931, appellant filed his petition; the appellant was present at said hearing, through his attorney, J. C. Lanier, and was heard by his Honor on the question of priorities as they affected H. L. Hodges.

In the record is the petition of the receivers to the court, to borrow certain sums of money and to obtain advances to cultivate the crops for 1931, and is set forth the liens to secure same; and the decree, in part, is as follows: "Shall have priority over all unsecured claims and judgments against the defendants, and with respect to said lands, shall be subordinate only to the liens outstanding at the commencement of this action, the lien for taxes." It appears in the records that "The claimant excepts to the said orders and decrees, for that the findings of facts are not supported by the law and the facts, and for that the priorities as fixed in said orders and decrees are contrary to law in such cases provided, and against equity principles and good conscience. The claimant failed to ask the court to find the facts with respect to the condition of the receivership, and no such fact was found and there is nothing in the record and no facts before Judge Sinclair, upon which he could have found that the claimant would be injured by the decrees excepted to." The claimant, H. L. Hodges, made exception and assignment of error and appealed to the Supreme Court.

*Albion Dunn for receivers, appellees.*
*J. C. Lanier for H. L. Hodges, claimant.*

PER CURIAM. In the judgment or order of Sinclair, J., at October Term, 1931, we find: "It appearing to the court that the receivers herein have devoted considerable time and labor to the management of said receivership, and that the details of said receivership and its proper management have required the exercise of extraordinary abilities, and that said receivers have been untiring in their labor and efforts to promote the interests of said receivership, and during 1930 and 1931, have raised and cultivated crops of considerable value upon said lands, and during the time when numerous persons engaged in like operations have lost money, the receivers have been able to pay the expenses of their farming operations and have been able to pay a small amount in reduction of the indebtedness of said estates; and, in addition thereto, have reduced the indebtedness of the defendants to two of their secured creditors in the sum of $5,052.35. (The order sets forth services rendered by receivers and their attorneys, and amount received by them and additional amount to be paid them.) . . . And it further appearing to the court that the receivers secured advances from H. L. Hodges to enable them to cultivate the 1931 crops and before permanent arrangements had been made for said advances the sum of $3,118.92 for which the said H. L. Hodges has no security. . . . And it appearing to the court that said recommendations are fair and reasonable and that the compensation, recommended, is a reasonable compensation for the said receivers and their attorneys, and that the said H. L. Hodges ought to be paid the amount so advanced by him to the receivers, and that said advances were necessary. . . . And it is adjudged and decreed that the aforesaid allowances are a proper and necessary expense of said receivership and have priority over the payment of any indebtedness created by said receivers. It is further ordered and adjudged that the receivers, after paying and satisfying the crop liens executed by them to H. D. Bateman and F. N. Bridgers, shall pay out of any moneys then in their hands the indebtedness due and owing to H. L. Hodges as above recited, and which indebtedness is adjudged to be a necessary expense of said receivership."

This judgment of Sinclair, J., at October Term, 1931, was not excepted to by H. L. Hodges, claimant. The order concludes "This matter is retained for further orders."

The judgment, or order, dated 16 December, 1931, of Sinclair, J., H. L. Hodges, claimant, excepted and assigned error as follows: "That his Honor, Judge Sinclair, erred in signing the order of record and

designated as Exhibit 'H,' in that the fixing of the priorities of payment therein is contrary to the law in such cases provided; and in that, although claimant H. L. Hodges filed his petition in due form, and was represented at the hearing, the said order omits any reference to claimant's claim, and excludes it, contrary to law and the facts appearing in the record."

The judgment, or order, that H. L. Hodges, claimant, excepted to and assigned error, did not refer to the order or judgment before set forth at October Term, 1931, but the order made by Sinclair, J., at Snow Hill, N. C., 16 December, 1931. This last order reiterates the allowances to the receivers made at October Term, 1931, of the Superior Court and after ordering certain sum to be paid on one of the unpaid liens which was one of the original liens approved by the court; orders the allowances made the receivers paid "from the balance then in their hands from the sale of crops, etc.  .  .  .  And from funds in the hands of the receivers derived from other sources than the sale of property covered," by the certain crop liens heretofore mentioned, the amounts due the attorneys for the receivers were ordered paid. Further: "And from the next moneys coming into the hands of the receivers from the sale of the property included in the deed of trust and agricultural lien to R. N. Bridgers, trustee, the receivers shall apply and pay so much thereof to the Farmers Cotton Oil Company as shall be necessary to pay in full the balance due the said Farmers Cotton Oil Company. And this matter is retained for further orders."

From these judgments, or orders, it appears that the court below ordered, at the October Term, 1931, of Superior Court: (1) The receiver's allowance, setting out the amounts, and attorneys for receivers to be paid out of the crops; (2) ordered the liens which were given under order of court to be paid; (3) set forth fact that claim of H. L. Hodges, for necessary farm supplies for the operation of the farms ought to be paid. The judgment, or order, of 16 December, 1931, modified the October Term order, and the attorneys' allowance is "from funds in the hands of the receivers derived from other sources than the sale" of the crops covered by the court liens of 1931.

The petition of H. L. Hodges sets forth that the supplies furnished by him up to 1 June, 1931, were paid by the receivers, but the receivers breached their agreement and did not pay for months of June, July, August and September, 1931, supply advances totaling $3,118.92. Hodges relied on the promise of the receivers, but has no lien. He is an unsecured creditor and in fact made no exception or assignment of error to the judgment at October Term, 1931.

So far as appears from the record, there is no request by Hodges for the findings of fact to either of the judgments of Sinclair, J., and in the statement of the case on appeal the following is agreed to by the parties to this controversy: "No facts before Judge Sinclair upon which he could have found that the claimant would be injured by the decree excepted to."

We see no reason in law to disturb the judgment, or order, of the court below. Of course, it goes without saying, that the receivers having contracted the debt with Hodges in good faith, should make every effort to see that it is paid. The judgment is

Affirmed.